May it please the court, counsel. The issue in this case is about whether the district court intended to adopt the entire PSI without question or whether it adopted only a certain portion of the PSI. In this case, in reviewing the record, the court will note that the district court did not make the minimum magical talismanic words that it adopts the PSI in total or even make a reference to the special conditions that were subsequently imposed on Mr. Hudson. There, in fact, were no references to the appropriateness of the special conditions that were imposed. The written judgment three weeks after sentencing included these special conditions. On the face of it, there is a discrepancy between the judge's oral pronoun pronouncement and then the written judgment. JUSTICE SCALIA. Yeah, that strikes me as a pretty simple case. That's a friendly comment for your benefit. I don't understand what the complication is that we have this general rule that the oral pronouncement always prevails. MR. RUBENSTEIN. Well, Judge, and we can look at it that way. And I think that Mr. Hudson would appreciate if the court would, in fact, apply that rule in that if there is an outright conflict, well, then oral does prevail. Unfortunately, looking at the Court's jurisprudence on this issue there, it becomes a bit more complicated. And I'd say it's maybe muddled in trying to determine how, in fact, we determine what, in fact, the Court wants to do versus not wants to do. So, Judge Smithy, you are right. If there is a — the Court can say this is a conflict and we're just going to basically strike the added conditions, and, you know, that would be the best option, I think, that the Court can apply. To the extent, though, that the issue involves ambiguity between what the courts wanted to do and what the Court did, we were — so this is a remedy of remand to the district court in order to make it clear as to which issue — JUSTICE POTTER. I was thinking about the situation you're in. I mean, sir, you're saying — I think this is what Judge Smith may have been referring to. You're saying, well, we ought to have a do-over, you know, which, certainly, if you were going to reinstate the same sentence, you'd have to have a do-over here because he didn't go through the drill. But your client's best interests are served by saying, let's just wipe out the special conditions. They're not in the order, and be done with it. JUDGE LEBEN. Certainly, Judge, I agree with you. JUSTICE POTTER. So that's Plan A, and Plan B is the do-over, right? JUDGE LEBEN. Yes, ma'am. Yes, ma'am. And, again, I would press for Plan A. However, given the complexity of the issues in this case, I think one needs to at least address whether or not the ambiguity would require it. JUSTICE GINSBURG. But why is this complex? I guess that's probably asking you a question against your interest. I guess I should ask the government why it's complex. JUDGE LEBEN. Okay. Just to be kind of the court judge, this was originally an Anders brief that was kicked back to me with instructions on here's what to raise. And I've been struggling since that point how to get a hold of it. It would seem on its face fairly simple that there's a conflict. But, you know, in dealing with Federal law, nothing's ever that simple. And so I'm — perhaps I'm over-arguing in the brief that there may be need for a remand. I agree with the Court if that is, in fact, the preferred option simply to eradicate, remove the special conditions. Clearly, we would press that as the most ideal, most simple option. And then if we have overwritten our brief, well, then I apologize for taking up too much of the Court's time. JUSTICE SCALIA. Well, you probably should go ahead now, rather than waiting for a rebuttal, to address the Ruland case, which, of course, is a 2014 case from this circuit. JUDGE LEBEN. Yes, Judge. JUSTICE SCALIA. Which the government will rely on. JUDGE LEBEN. And that, unfortunately, is a — it's not flying the ointment, the Rowland case, Ruland case. I think it's problematic in two ways. First of all, let me concede that it is almost directly on point with Mr. Hudson's case. I believe it's out of the same court with Mr. Hudson's case. The problem, I would suggest, is twofold. First of all, the Court seemed to make much emphasis on the fact that the special conditions that were imposed arose during active litigation in the case. There was apparently a hearing. The government produced a written exhibit which recommended these conditions be imposed. Now, it's not clear what the exhibit said. It's not clear if the exhibit was detailed and that it was for specific findings that merited or were individualized towards Mr. Rowland or not. But counsel was on specific notice that this is going to be an issue of litigation. And, Judge, those of us who have done and do litigation understand that when you're there in the courtroom and they're sort of saying, we want you to consider this judge, you know that's going to be something that needs to be addressed. It's not hidden away options in a document the court may or may not decide to adopt. So I would suggest that in Rowland, if there's a factual distinction, it's the fact that counsel is on notice that these are going to be issues that the government is actively pressing for him to have. Therefore, he should have made an objection to it. I mean, Rowland just — Well, and there was — wasn't there a separate — I think you've already said this, but there was a separate written exhibit that was passed out that had all this, again, in writing. Correct. That's correct, Judge. That's the first method of, I guess, distinguishing Rowland from the present case. This — you know, I'll consider that there was notice, hypothetical notice provided in the PSI, but the court never adopted it or even addressed it. Moving back to Rowland, the problem I think the court needs to have with this case is that Rowland seems to swallow the entire rule of 3553 in that the court needs to make some kind of minimal addressing as to what's appropriate for sentencing. And in particular, with respect to special conditions, the court needs to make an individualized finding that these are, in fact, appropriate to the individual and they are no more expansive than necessary. So you would limit Rowland to its facts, to the fact that there was an exhibit that specifically went through this that had to be admitted and could have been objected to. Is that how you would harmonize our precedent? I think one can do that and it would be harmonious, Judge, in that there was a litigation issue that provided notice and there would be no conflict, strict conflict made if one were to address that point to it. And again, I guess maybe I'm going back, but again, the problem is that Rowland also swallows up its own rule. The rule of the circuit is that you have to make findings. The court has to make some kind of findings. And as the court noted, the judge did not explain a sentence or even orally pronounce these. That's problematic in that we know from not only Fifth Circuit precedent, but Supreme Court precedent and all the circuit's precedents, basically when one does adopt special conditions, one does have to make some kind of minimal findings with respect to whether they are tailored to the individual. And so the court can narrow Rowland's approach or application without trying to overrule a prior circuit or prior panel in this court. Well, Rowland itself was not trying to overrule the prior. Immediately prior to its determination, it cites the general rule. So it treats itself as an exception, doesn't it? That's not an unfriendly question. Do I have to re-read about Rowland? I understand where you're coming from, Judge, but again, I think Rowland would have a, we can apply it as a very narrow application, Rowland, without worrying about any kind of conflict. That being the case, Judge, I don't have much more I think I can say on this, unless there's questions about it. You've saved your full time for rebuttal, so you can respond to anything the government might bring up. Yes, sir. Thank you, Mr. Gay. Mr. Gay? Good morning. May it please the Court? Well, I'm hoping to propose Plan C, which is a third course. As we've been discussing this morning, Rowland was a case that recognized that ordinarily a conflict with the oral pronouncement and the written judgment is an abuse of discretion standard of review. It states that standard of review, but then says that whole reasoning is premised on the idea that the defendant has a constitutional right to be present at a confrontation type analysis, that if conditions were in the judgment that were never orally pronounced, the defendant had no opportunity to notice of notice and an opportunity to object. So Rowland came out of the Waco Division of the Western District of Texas, and so does this case. So in this case, rather than using an exhibit, the same exact nine special conditions were set forth in the pre-sentence report. But the Court didn't adopt that part of the report, did it? The record, I would say, is unclear as to exactly whether it was adopted or not, but you can see from the record where the judge specifically asks, have you read the pre-sentence report? Have you discussed it with your lawyer? And they say, yes. Are there any objections? No. But that doesn't give him notice that the Court is going to impose those special conditions, particularly where the Court doesn't adopt that section of the PSR. Well, the Court imposed, followed the guideline recommendations that were in the pre-sentence report. That's all the Court took out of the PSR. If the Court said, I adopt the PSR in full, you would have a better argument, perhaps. Perhaps. It seems to me that it's quite clear the PSR says, recommended conditions of supervision, special conditions. I think it's easily to read, if we're going to view the record in the light most favorable to the result below, that the District Court intended to impose those nine conditions. And those nine conditions, I don't think there's any dispute, are the standard reasonably related conditions that a sex offender like Mr. Hudson would normally have. Lifestyle restrictions, counseling, not frequenting places where minors attend, that sort of thing. However, this Court has jurisprudence going back 25 years that states that facts capable of resolution at sentencing can never be plain error. And in this case... Some members of the Supreme Court have recently criticized that jurisprudence, haven't they? It's still, it may have been criticized, but I still think it is true that, I think that it's still good law. And I certainly... It's certainly valid Fifth Circuit law. There's no doubt about that. And the Supreme Court, no majority on the Supreme Court has ever... And so, at the end of the day, I think that what we're really arguing about, and what the government's arguing, is that this should be a plain error case, a non-abusive system. But how is this... This is not a fact, actually, is it? It's whether or not you impose a sentence which is different than, there were this quantity of drugs, or the light was red. This is not a thing that is a fact capable of determining. It's what was the judge's intent. So that line of precedent is really not applicable, is it? Well, I meant it actually as to the validity of the nine conditions themselves, as opposed to the first question. Perhaps that is really the second question. If it is plain error, can you show substantial rights were affected? And I would say no, because these were reasonably related and they were factually based, and they can never be plain error. However, the primary question here, I think, the court is going to have to distinguish Rowland and basically say, no, we're going to hold to a more hyper-technical series of rules, such as tendering an exhibit, as opposed to including them into the pre-sentence report. Or that the court would have to specifically adopt, as opposed to simply asking whether they've read the pre-sentence report in its entirety, assuming, and whether they had any objections to it. The court has to adopt it. And the government can make sure that happens at the sentencing, particularly where the government knows that there's an issue with that. And now two cases, they could have a little note on their notepad when they go to do these sentencings. Admittedly, it would have been preferable had the district court said, I adopt the pre-sentence report in its entirety. However, I think that this court could certainly infer that if it was inclined to do so. In this case, Rowland and our facts are very, very similar. There was notice provided. The defendant did have an opportunity to object. Let me ask you something. This just comes from you. You have much more experience with these sentencings than I do. Is it the expectation that, apart from adopting the PSR, isn't there an expectation on the part of the defendant that he'll have an opportunity after that to object to the fact findings that are involved in picking up these sentences? I mean, isn't that supposed to follow after all of that? Just adopting the PSR does not equal and therefore make unnecessary going through these individual conditions and adopting them and saying why? In all candor, I think if you read Rowland carefully, Rowland states that there is error, but that plain error should apply. And so I would say under these facts that there is error. However, the standard of review should be plain error and the defendant can't meet the burden on appeal for the reasons that he had noticed and that if the actual application of these nine conditions are fact-based, and had he objected and said, Judge, I don't think any of these should apply, this could have all been fleshed out. The other thing I think that's important... Why should he have made that objection if the court wasn't imposing those on him? There are lots of things in the PSR that the probation office recommends and this and that and the other, but it's this actual sentence that you have to object to. If, for example, the pre-sentence report had stated that the defendant would receive an adjustment for being a leader and the defendant did not object, plain error would certainly apply to that. Even if the... The court made a finding that he was a leader. Well, and that goes back to if it was part of the guideline computation in the pre-sentence report, the court could easily just... The court would have said, I find that you were a leader and I adopt the PSR and that. The court has to make a finding. And maybe that is the distinguishing factor that this court could take away from Rowland is that the court may have stated more explicitly that it was adopting the pre-sentence report and that that would cure that little deficit. Because I guess that's the one little part, maybe, that the court is struggling with, because otherwise I think that it fits Rowland very, very closely and that for all intents and purposes, it's a notice issue. The defendant has notice, has an opportunity to object, and so then why shouldn't the defendant have done so? The only problem is, and that's what I was asking you, as far as I gather from what really happens most of the time or what's supposed to happen, let me remind them, what's supposed to happen, is that we then go into saying, all right, and I'm going to impose special condition one, two, three, whatever, and the defendant then says, well, I don't think special condition four fits here. So if the defendant's lawyer is thinking, query, if the defendant's lawyer is thinking, so I'm going to have an opportunity to object to that one, and the judge says nothing, you don't have an opportunity to object. So you're playing by a set of rules that you, the defendant's lawyer, may be playing by, but the judge apparently isn't. So it's a problem. And the government's lawyer is standing there. He has an opportunity to say, judge. In all honesty, Rowland was an attempt by the government to make sure that the special conditions were brought to the attention by use of an exhibit. Then we recommended, or it was discussed, that we would include them in the pre-sentence report as a matter of course, to basically satisfy the notice requirements. In this case, one final little step, perhaps, the court is focused on is that the district court should have stated, I suppose, if it's going to be distinguished from Rowland, that it was adopting the pre-sentence report in its entirety. Have you read it? Do you have any objections? And it could have even stated including, adopting and including the special conditions. Well, I think you'd have to say that, because otherwise he is supposed to make findings about the appropriateness of the special conditions. And that is correct. And finally, I would note that special conditions, you know, terms of supervision, are somewhat unique anyway, because they can be modified, eliminated, terminated at any time with notice. And so it's not as if it's the court recognized that the judge can easily put them back, take them off, add more, add less. That's still part of the sentence. But it is different than the sorts of things that would be governed by Rule 35, which the oral pronouncement, the judge can't reconsider that whole portion of the sentence. And so special conditions of supervision under 3583E fall into a rather unique category, because they are subject to revision or modification. Well, let's move on then to see what we do, I mean, assuming for purposes of discussion that we decide that this sentence cannot stand, the question is what we do about it. And Judge King properly raised the question of whether we reform the sentence on appeal or it goes back. I'm just recalling, it seems to me that we have lots and lots of, correct me if you think I'm wrong, lots and lots of summary calendar cases in which the oral pronouncement varies from the written, and that we, my recollection is we always send those back for a fairly ministerial reconciliation of the oral with the written. I don't know when those go back whether the sentencing procedure is extensive or again just more or less routine and ministerial, but what is the government's view of what we properly can and should do to take care of the error if we feel that the sentence has to be vacated? I will in all candor say my anecdotal experience is that this court has modified judgments and stricken the provisions and it has remanded to the district court for reconsideration of that limited portion of the sentence, in other words, not a full-blown resentencing necessarily, but to reconsider whether the special conditions should be imposed pursuant to 3553, an articulation of the factors. I would suggest that in this case the court has both options available. I think a remand to the district court, a limited remand would be appropriate, it would I think that in this case a meaningful attempt was given to provide notice and the defendant in my view reading the record certainly if his lawyer and they did read the pre-sentence report as they said they did and they knew those conditions were recommended and it wasn't I don't think in my view entirely surprising that they would be included as most sex offenders have these sorts of conditions applied as part of their supervision. So in that aspect I would think that a limited remand to the district court would be appropriate. When you say that now we put these special conditions in the PSR, is that only in the Western District or is that everywhere? Is that nationwide or what? That is a policy we've adopted in the Western District of Texas. Yeah, and it's designed to deal with Judge Smith among others. It is designed to ensure notice to the defendant of conditions and it is as Judge Smith recognized on summary calendar this oral pronouncement conflicting with the written judgment is not just limited to any particular division in our district. It comes up because I think that as part of sentencing these special conditions can be numerous, volumous and in some cases I think they get overlooked because no one is objecting. It's always tricky for a district court judge I think where we see this in crime of violence cases where no one objects, it comes up on appeal and all of a sudden they're saying well it's not a crime of violence. Well the documents weren't introduced, no one objected so then we have to recreate everything on appeal to basically prove up that there was or there wasn't a crime of violence. And so in some ways I think the failure to object and that's what plain error and you read the cases in Judge Smith, you recently had a vigorous dissent about plain error I think, that it's designed to prevent this circuitous waste of judicial resources where defendants have an opportunity and don't avail themselves. But that's not the situation. I recognize that. Very different. You shouldn't, if the court doesn't say I find that such and such, the defendant's smart to be quiet, the lawyer, because if they're not making findings that you don't want, you don't want to remind the court because they might make a whole bunch more findings you don't want, it would seem. I recognize the dilemma that the court has faced there. And if you didn't have on the pre-sentence report, you don't have on there, the court may not take up these special conditions. So it may not take them up at the sentencing specifically. So if you have an objection to them, you better speak up and say so. It doesn't say that, I'm pretty sure. No, it does not. And it says recommended. And if you had a lawyer who practices in the Southern District and the Western District, they'd say it's a problem. I would agree that the best practice would be that the conditions would be stated on the record, they would be objected to if there were objections, and then they would be included in the written judgment and all of this wouldn't happen. Back to the question of what happens on remand, I just want to be sure I understand. So your view is that if it were sent back for re-sentencing, that these conditions could all be properly imposed? Absolutely. Do you have a case that says, even in the situation where the pronouncement controls pursuant to our many legion of cases, Bigelow and quoting Gagnon from the Supreme Court, that allowed you still to get your limited remand? This is usually, a limited remand is in certain special circumstances, and the general rule is that you get the modification and the striking of the condition. What case would allow us to do what you are seeking as your fallback position? I can state that I am aware of cases where that has happened. Off the top of my head, I don't have them. I will say that if this court logically were to say that the oral pronouncement in this case does control, then I think this court can, in its exercise of discretion, modify the judgment and affirm as modified. I'm going to be quite candid. I think that is. And then the district court has the option of bringing Mr. Hudson back. You know, the other interesting thing, in all candor, he has a 108-month sentence. These conditions are somewhat inchoate. They're going to sit on the sidelines, and certainly, maybe 10 years from now, they revisit them. So even if we affirm as modified, the district court can later come in and do this before he gets out of prison? And that's the curious nature of special conditions. They are not like the actual Rule 35 portion of the sentence that is basically jurisdictionally closed at the oral pronouncement. And so the oral pronouncement rule as to the actual term of imprisonment, for example, is a finite event, and Rule 35 has very limited opportunities to revisit that sentence, arithmetical technical errors. But supervision terms, they remain in place, dormant, so to speak, until the defendant serves his imprisonment and then enters supervision. So in any event, it may very well be that they bring Mr. Hudson back now, or that he could be brought back at the time he completes his term of imprisonment. You referred to the cases. Why don't you give us a short letter with those citations, if you think those cases exist? I will do my best to find them. And of course, Mr. Calhoun can respond or give cases of his own. I'll see if I can find them. My recollection is that they're there. If there's no further questions, I'll yield back. Thank you, Mr. Gay. Mr. Calhoun, you've saved time for a vote. All right. Thank you. Your case is under submission. Next case, United States v.